

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2008

# Lumbermens Mut Cslty v. Erie Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4028

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lumbermens Mut Cslty v. Erie Ins Co" (2008). *2008 Decisions*. Paper 376.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/376

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4028

_____

LUMBERMENS MUTUAL CASUALTY COMPANY,
*Appellant*,

vs.

ERIE INSURANCE COMPANY,
*Appellee*.

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(Civ. No. 05-3490)
District Court Judge: Honorable Edmund V. Ludwig

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 23, 2008

_____

Before: BARRY, AMBRO and GARTH, *Circuit Judges*,
Opinion Filed: October 10, 2008

_____

**OPINION**
_____

GARTH, *Circuit Judge*:

Lumbermens Mutual Casualty Company brought this declaratory judgment action

against Erie Insurance Exchange[1] to obtain a determination of whether it has an obligation to defend or indemnify Czop/Specter, Inc. in a personal injury action that Donald Cuthbertson, Jr., brought against Czop and others.[2]  On October 4, 2007, the District Court granted summary judgment in favor of Erie and against Lumbermens.  Our review is plenary.  Our jurisdiction stems from a final order.  28 U.S.C. § 1291.

Czop was the contractor responsible for performing roadside inspection services on behalf of the Department of Transportation of the Commonwealth of Pennsylvania ("PennDOT").  It held two insurance policies:  one payable by Erie under policy number Q48 0150571 A, and one payable by Lumbermens under policy number QL016315-00.  The Erie policy was a general liability policy that *excluded* coverage of claims arising from "service[s] of a professional nature," including "supervisory, inspection, or engineering services."  The Lumbermens policy, conversely, *provided* coverage only for claims regarding "professional services," which was defined to include "those services that the [i]nsured is legally qualified to perform for others in the [i]nsured's capacity as an architect, engineer, land surveyor, landscape architect, construction manager or as defined by endorsement to the policy."

_____

[1]  Erie is incorrectly identified as "Erie Insurance Company" in the caption.

[2]  Cuthbertson was a passenger in a vehicle driven by Michael Donovan, who collided with another vehicle when he did not see "an obstructed and otherwise difficult to observe stop sign . . . due to a combination of factors, including tree branches, vegetation, bushes, brush and grass which obstructed visibility of eastbound drivers west of the stop sign."  Appellant's Br. 2-3.

Lumbermens now claims it should not have to pay for Czop's liability because the task of inspecting and maintaining roadside safety does not qualify as a "professional service." This argument has no merit.

David Riley, the employee hired by Czop to conduct the roadside inspections, performed specialized tasks. See Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 984 (3d Cir. 1988). He conducted inspections and made arrangements for other contractors to perform any necessary labor; he did not clear the roads himself. Lumbermens's efforts to minimize Riley's education, training, and job function do not diminish the fact that the services he performed were professional services.

Accordingly, we will affirm the District Court's order.